IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| YU LUO,<br><br>        Plaintiff,<br><br>v.<br><br>PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A",<br><br>        Defendants. | **C.A.: TO BE DETERMINED** |

**COMPLAINT FOR PATENT INFRINGMENT**

Plaintiff Yu Luo ("Plaintiff") hereby brings the present action against the Partnerships and Unincorporated Associations identified in Schedule A, filed under Seal (collectively, the "Defendants"), and alleges the following:

**JURISDICTION AND VENUE**

1. The Honorable Court has original subject matter jurisdiction over the claims in the actions pursuant to the provisions of the United States Patent Act, 35 U.S.C. § 1, et seq., 28 U.S.C. § 133(a)-(b) and 28 U.S.C. § 1331.

2. The Honorable Court is the proper venue pursuant to 28 U.S.C. § 1391 and may properly exercise personal jurisdiction over the Defendants since each of the Defendants directly targets business activities toward consumers in the United States, including the State of Florida, through the fully interactive, commercial Internet stores operating under the Online Marketplace Accounts identified the Schedule A attached hereto (collectively, the

"Defendant Internet Stores"). Specifically, the Defendants are reaching out to do business with Florida residents by operating one or more commercial interactive Defendant Internet Stores, wherein Florida residents can purchase products featuring the Plaintiff's patented design. Each of the Defendants has targeted the sales from Florida residents by operating online stores that offer shipping to the United States, including Florida, accept payment in U.S. dollars, and on information and belief, sold products featuring the Plaintiff's patented design to the residents of Florida. Each of the Defendants commit tortious acts in Florida, engaging in interstate commerce, and has wrongfully cause the Plaintiff substantial injury in the State of Florida and the United States.

## INTRODUCTION

3. The Plaintiff filed this action to combat the online infringers who unfairly infringe the Plaintiff's invention and potential designs through marketing, selling, and/or distributing an unlicensed product that infringes upon Plaintiff's U.S. Patent US D1,012,683 S entitled 'SHELF BRACKET' (attached as Exhibit A), filed January 11, 2023 ('683 Patent). The Defendants individually and collectively created the Defendant Internet Stores by the dozens and designed them to appear as if selling licensed products, while actually and knowingly marketing, selling, and/or distributing an infringing product. The Defendant Internet Stores share unique identifiers, such as using the same product image, same advertising and design elements, and other similarities of the infringing products offered for sale, establishing a logical relationship between them and suggesting that Defendants' operation arises out of the same transaction, occurrence, or series of transactions or occurrences. Defendants attempt to avoid liability by going to extreme lengths to conceal both their identities and the full scope and interworking of their operation. Thus, the

Plaintiff is forced to file these actions to combat the Defendant's continuous infringement of its patented design. The Plaintiff has been and continues to be irreparably damaged and harmed from the loss of its patents rights to exclude others from making, using, selling, offering for sale, and importing its patented design as a result of the Defendants' actions and seek temporary, preliminary, and permanent injunctive and monetary relief.

## THE PARTIES

4. The Plaintiff, Yu Luo, is an individual based in Ya An, CHINA. Plaintiff is the owner of U.S. Patent D1,012,683 (Exhibit A) entitled "SHELF BRACKET" ('683 Patent).

5. Plaintiff grants licenses to third parties and sell products, both online and offline through their retail stores, which feature hooks designed in alignment with the '683 Patent. Plaintiff has established his product as the first to market and has an established reputation and quality reviews. Plaintiff's inventive design is shown at Image 1 below.



IMAGE 1

4

6. The Plaintiff is the lawful owner of all rights, title, and interest in the '683 Patent. The '683 Patent was duly issued on January 30, 2024. Attached hereto as Exhibit A is a true and correct copy of the '683 Patent.

7. The Plaintiff has not granted a license or any other form of permission to Defendants with respect to the patent design or the '683 Patent.

8. The Defendants are individuals and business entities who, upon information and belief, reside in the People's Republic of China or other foreign and domestic jurisdictions. Defendants conduct business throughout the United States, including within the State of Florida and this Judicial District, through the operation of fully interactive, commercial online marketplaces operating under the Defendants Internet Stores. Each Defendant targets the United States, including Florida, and has offered to sell, and on information and belief, has sold and continues to sell Infringing Products to consumers within the United States, including the State of Florida. Defendants and their respective infringing products are shown in Exhibit B.

9. On information and belief, on information and belief, Defendants are an interrelated group of infringers working in active concert to knowingly and willfully make, use, offer for sale, sell, and/or import into the United States for subsequent sale or use products that infringe directly and/or indirectly the '683 Patent in the same transaction, occurrence, or series of transactions or occurrences. Tactics used by Defendants to conceal their identities and the full scope of their operation make it virtually impossible for Plaintiff to learn Defendants' true identities and the exact interworking of their network. In the event that Defendants provide additional credible information regarding their identities, Plaintiff will take appropriate steps to amend the Complaint.

10. Plaintiff has not licensed or authorized Defendants to use the invention claimed in the '683 Patent, and none of the Defendants are authorized retailers of Plaintiffs Products.

11. Defendants go to great lengths to conceal their identities and often use multiple fictitious names and addresses to register and operate their network of Defendant Internet Stores. On information and belief, Defendants regularly create new online marketplace accounts on various platforms using the identities listed in Schedule A to the Complaint, as well as other unknown fictitious names and addresses. Such Defendant Internet Store registration patterns are one of many common tactics used by the Defendants to conceal their identities, the full scope and interworking of their operation, and to avoid being shut down.

12. Even though Defendants operate under multiple fictitious names, there are numerous similarities among the Defendant Internet Stores. The Defendant Internet Stores include notable common features, including the same product images, accepted payment methods, checkout methods, meta data, illegitimate SEO tactics, lack of contact information, identically or similarly priced items and volume sales discounts, the same incorrect grammar and misspellings, similar hosting services, and the use of the same text and images, including content copied from Plaintiffs original product listings.

13. In addition to operating under multiple fictitious names, Defendants in this case and defendants in other similar cases against online infringers, use a variety of other common tactics to evade enforcement efforts. For example, infringers like Defendants will often register new online marketplace accounts under new aliases once they receive notice of a lawsuit. Infringers also typically ship products in small quantities via international mail to minimize detection by U.S. Customs and Border Protection.

14. Further, infringers such as Defendants typically operate multiple credit card merchant

accounts and PayPal accounts behind layers of payment gateways so that they can continue operation in spite of Plaintiffs enforcement efforts, such as take down notices. On information and belief, Defendants maintain off-shore bank accounts and regularly move funds from their PayPal accounts or other financial accounts to off-shore bank accounts outside the jurisdiction of this Court. Indeed, analysis of PayPal transaction logs from previous similar cases indicates that offshore infringers regularly move funds from U.S.-based PayPal accounts to China-based bank accounts outside the jurisdiction of this Court.

15. According to the Amazon store owner's information showed on Amazon websites, parts of the Defendants can be identified via Chinese official company registration system. They are registered companies and actual owners of those companies located in China. Most of those Defendants companies only have 1 or 2 employees, and the employees are also the actual owners of the Defendant companies.

16. Defendants, without any authorization or license from Plaintiff, have knowingly and willfully offered for sale, sold, and/or imported into the United States for subsequent resale or use products that infringe directly and/or indirectly the '683 Patent, and continue to do so via the Defendant Internet Stores. Each Defendant Internet Store offers shipping to the United States, including Florida, and, on information and belief, each Defendant has sold Infringing Products into the United States, including Florida.

17. Defendants' infringement of the '683 Patent in the offering to sell, selling, or importing of the Infringing Products was willful.

18. Defendants' infringement of the '683 Patent in connection with the offering to sell, selling, or importing of the Infringing Products, including the offering for sale and sale of Infringing Products into Florida, is irreparably harming Plaintiff.

## COUNT I
## INFRINGEMENT OF UNITED STATES
## DESIGN PATENT NO. D1,012,683
## (35 U.S.C. §271)

19. Plaintiff hereby re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs.

20. Defendants offer for sale, sell, and/or import into the United States for subsequent resale or use Infringing Products that infringe directly and/or indirectly the ornamental design claimed in the '683 Patent.

21. Defendants have infringed the '683 Patent through the aforesaid acts and will continue to do so unless enjoined by this Court. Defendants' wrongful conduct has caused Plaintiff to suffer irreparable harm resulting from the loss of its lawful patent rights to exclude others from making, using, selling, offering for sale, and importing the patented inventions. Plaintiff is entitled to injunctive relief pursuant to 35 U.S.C. § 283.

22. Unless a preliminary and permanent injunction is issued enjoining Defendants and all others acting on in active concert therewith from infringing the '683 Patent, Plaintiff will be greatly and irreparably harmed.

23. Plaintiff is entitled to recover damages adequate to compensate for the infringement, including Defendants' profits pursuant to 35 U.S.C. § 289. Plaintiff is entitled to recover any other damages as appropriate pursuant to 35 U.S.C. § 284.

### PRAYER FOR RELIEF

**WHEREFORE,** the Plaintiff prays for a judgment against Defendants as follows:

1. That Defendants, their affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under or in active concert with

them be temporarily, preliminarily, and permanently enjoined and restrained from:

   a. offering for sale, selling, and importing any products not authorized by Plaintiff and that include any reproduction, copy or colorable imitation of the design claimed in the Patented Design;

   b. aiding, abetting, contributing to, or otherwise assisting anyone in infringing upon the Patented Design; and

   c. effecting assignments or transfers, forming new entities or associations or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in Subparagraphs (a) and (b).

2. Entry of an Order that, upon Plaintiffs request, those in privity with Defendants and those with notice of the injunction, including, without limitation, any online marketplace platforms such as iOffer, eBay, AliExpress, Alibaba, etsy.com, Amazon, Wish.com, Walmart.com, and Dhgate, web hosts, sponsored search engine or adword providers, credit cards, banks, merchant account providers, third party processors and other payment processing service providers, Internet search engines such as Google, Bing and Yahoo (collectively, the "Third Party Providers") shall:

   a. disable and cease providing services being used by Defendants, currently or in the future, to engage in the sale of goods that infringe the Patented Design;

   b. disable and cease displaying any advertisements used by or associated with Defendants in connection with the sale of infringing goods using the Patented Design; and

   c. take all steps necessary to prevent links to the Defendant Internet Stores identified on Schedule A from displaying in search results, including, but not limited to,

       removing links to the Defendant Internet Stores from any search index;

3. That Plaintiff be awarded such damages as it shall prove at trial against Defendants that are adequate to compensate Plaintiff for infringement of the Patented Design, and all of the profits realized by Defendants, or others acting in concert or participation with Defendants, from Defendants' unauthorized use and infringement of the Patented Design;

4. That Plaintiff be awarded from Defendants, as a result of Defendants' use and infringement of the Patented Design, three times Plaintiffs therefrom and three times Defendants' profits therefrom, after an accounting, pursuant to 35 USC §284;

5. That Plaintiff be awarded its reasonable attorneys' fees and costs; and

6. Award any and all other relief that this Court deems just and proper.

DATED: _____      _____

      Robert M. DeWitty
      DeWitty and Associates
      1500 K Street,
      2nd Floor
      Washington, D.C. 20005