UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

YU LUO,

    Plaintiff,

v.                                              Case No. 8:24-cv-615-TPB-CPT

PARTNERSHIPS and
UNINCORPORATED
ASSOCIATIONS
IDENTIFIED ON SCHEDULE "A,"

    Defendants.
_____/

**<u>TEMPORARY RESTRAINING ORDER</u>**

    This matter is before the Court on Plaintiff's "Motion for Entry of a Temporary Restraining Order," filed *ex parte*. (Doc. 21). In the motion, Plaintiff Yu Luo seeks a temporary restraining order against the fully interactive, e-commerce stores operating under the seller aliases identified in Schedule A to the complaint (Doc. 11), filed under seal and incorporated herein by reference (collectively, "Defendants") and using at least the domain names identified in Schedule A (the "Defendant Domain Names") and the online marketplace accounts identified in Schedule A (the "Online Marketplaces"). After reviewing the motion and the accompanying record, this Court **GRANTS** Plaintiff's motion as follows.

    This Court finds, in the absence of adversarial presentation, that it has personal jurisdiction over Defendants because Defendants directly target their business activities toward consumers in the United States, including Florida.

Specifically, Plaintiff has provided a basis to conclude that Defendants have targeted sales to Florida residents by setting up and operating e-commerce stores that target United States consumers using one or more seller aliases, offer shipping to the United States, including Florida, and have sold products using infringing and counterfeit versions of Plaintiff's federally registered U.S. Patent D1,012,683 to residents of Florida.  In this case, Plaintiff has presented screenshot evidence that each Defendant's e-commerce store is reaching out to do business with Florida residents by operating one or more commercial, interactive internet stores through which Florida residents can and do purchase products infringing Plaintiff's patent without authorization, which includes screenshot evidence confirming that each Defendant internet store does stand ready, willing and able to ship its goods to customers in Florida infringing Patent D1,012,683.  *See* (Doc. 11) (Exhibit B to the complaint, filed under seal and incorporated herein by reference),

This Court also finds that issuing this Order without notice pursuant to Rule 65(b)(1) of the Federal Rules of Civil Procedure is appropriate because Plaintiff has presented specific facts in the Declaration of Robert DeWitty in support of the motion and accompanying evidence clearly showing that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition.  Specifically, in the absence of an *ex parte* order, Defendants could and likely would move any assets from accounts in financial institutions under this Court's jurisdiction to off-shore accounts.

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED**:

1. Defendants, their officers, agents, servants, employees, attorneys, and all persons acting for, with, by, through, under, or in active concert with them be temporarily enjoined and restrained from:

    a. further infringing U.S. Design Patent D1,012,683;

    b. manufacturing, importing, distributing, offering for sale, or selling the any knock-off and copycat products, i.e., SHELF BRACKET and any colorable variations thereof (the "Infringing Products") into or within the United States and her territories;

    c. shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, the Infringing Products;

    d. manufacturing, shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Plaintiff, nor authorized by Plaintiff to be sold or offered for sale, and which infringe Plaintiff's patent;

    e. otherwise competing unfairly with Plaintiff in any manner.

    f. using, linking to, transferring, selling, exercising control over, or otherwise owning the Amazon.com Internet Store accounts or any other

        online marketplace account that is being used to sell or is the means by which Defendants could continue to sell the Infringing Products; and

    g.  operating and/or hosting any website or marketplace account for or on behalf of Defendants that are involved with the distribution, marketing, advertising, offering for sale, or sale of Infringing Products.

2. Defendants shall not transfer or dispose of any money or other of Defendants' assets in any of Defendants' financial accounts until further ordered by this Court, except by written agreement with Plaintiff.

3. Plaintiff is authorized to issue expedited written discovery to Defendants, pursuant to Federal Rules of Civil Procedure 33, 34, and 36, related to:

    a.  the identities and locations of Defendants, their officers, agents, servants, employees, attorneys, and any persons acting in active concert or participation with them, including all known contact information and all associated e-mail addresses;

    b.  the nature of Defendants' operations and all associated sales, methods of payment for services, and financial information, including, without limitation, identifying information associated with the Online Marketplaces and Defendants' financial accounts, including Defendants' sales and listing history related to their respective Online Marketplaces; and

    c.  any financial accounts owned or controlled by Defendants, including their officers, agents, servants, employees, attorneys, and any persons

      acting in active concert or participation with them, including such accounts residing with or under the control of any banks, savings and loan associations, payment processors or other financial institutions, including, without limitation, Amazon Pay or other merchant account providers, payment providers, third party processors, and credit card associations (e.g., MasterCard and VISA).

4. Upon Plaintiff's request, any third party with actual notice of this Order who is providing services for any of the Defendants, or in connection with any of Defendants' Online Marketplaces, including, without limitation, any online marketplace platforms such as Amazon (collectively, the "Third Party Providers"), shall, within five (5) business days after receipt of such notice, provide to Plaintiff expedited discovery, limited to copies of documents and records in such person's or entity's possession or control sufficient to determine:

    a. the identities and locations of Defendants listed on Schedule A to the complaint, their officers, agents, servants, employees, attorneys, and any persons acting in active concert or participation with them, including all known contact information and all associated e-mail addresses;

    b. the identities of and all contact information, including any email addresses related to Defendants listed on Schedule A to the complaint and any entities having any ownership or control over the Amazon.com marketplace stores operated by said Defendants;

    c. the nature of Defendants' operations and all associated sales, methods of payment for services, and financial information, including, without limitation, identifying information associated with the Online Marketplaces and Defendants' financial accounts, including Defendants' sales and listing history related to their respective Online Marketplaces;

    d. any Amazon.com marketplace accounts owned, operated, or controlled by said Defendants and their officers, affiliates, agents, and/or employees;

    e. records of the sales of Defendants' Infringing Products, as identified by their respective ASINs in the Exhibit B to the complaint, or Seller aliases as set forth in Schedule A to the complaint, and

    f. any financial accounts owned or controlled by Defendants, including their officers, agents, servants, employees, attorneys, and any persons acting in active concert or participation with them, including such accounts residing with or under the control of any banks, savings and loan associations, payment processors or other financial institutions, including, without limitation, Amazon Pay or other merchant account providers, payment providers, third party processors, and credit card associations (e.g., MasterCard and VISA).

5. Upon Plaintiff's request, those with notice of this Order, including the Third Party Providers as defined in Paragraph 4, shall within seven (7) business days after receipt of such notice, disable and cease displaying any

      advertisements used by or associated with Defendants in connection with the sale of counterfeit and infringing goods using the Plaintiff patent.

6. Any entities with actual notice of this order, including any banks, credit card companies, or payment processing companies including Amazon Pay, shall, within three (3) business days of receipt of this Order:

    a. locate all accounts and funds connected to Defendants' seller aliases, including, but not limited to, any financial accounts connected to the information listed in Schedule A to the complaint, and any e-mail addresses provided for Defendants by third parties; and

    b. restrain and enjoin any such accounts or funds from transferring or disposing of any money or other of Defendants' assets until further order by this Court, including allowing the transfer of any accounts and/or funds internationally.

7. Pursuant to Fed.R.Civ.P. 4(f)(3), as sufficient cause has been shown, that service of this Order and the summons and complaint (including Schedule A and Exhibit B to the complaint) may be made on, and shall be deemed effective as to Defendants if it is completed by the following means:

    a. Delivery of: (i) PDF copies of this Order together with the summons and complaint; (ii) a link to a website where each Defendant will be able to download PDF copies of this Order together with the summons and complaint, and all papers filed in support of Plaintiff's application (the

        "Link") to Defendants' e-mail addresses as provided by the Financial Institutions and/or Marketplace Platforms,

    b.  Requesting that the Financial Institutions cause Defendants' online marketplace website(s) to redirect to the Link.

    c.  The Clerk of the Court is directed to issue a single original summons in the name of "The Partnerships and Unincorporated Associations on Schedule A" that shall apply to all Defendants. The combination of providing notice via electronic publication and e-mail, along with any notice that Defendants receive from any online marketplaces or payment processors shall constitute notice reasonably calculated under all circumstances to appraise Defendants of the pendency of this action and afford them the opportunity to present their objections.

8. Plaintiff must provide notice to Defendants of any motion for preliminary injunction as required by Rule 65(a)(1).

9. Amazon.com ("Amazon") and its related companies and affiliates shall, within three (3) business days of receipt of this Order, identify and restrain all funds, as opposed to ongoing account activity, in or which hereafter are transmitted into the Amazon accounts related to each respective Defendant as identified on Schedule "A" to the complaint, as well as all funds in or which are transmitted into (i) any other accounts of the same customer(s), (ii) any other accounts which transfer funds into the same financial institution account(s), and/or any of the other Amazon accounts subject to

this Order; and (iii) any other Amazon accounts tied to or used by any of the sellers identified on Schedule "A" to the complaint. Such restraining of the funds and the disclosure of the related financial institution account information shall be made without notice to the account owners until after those accounts are restrained. No funds restrained by this Order shall be transferred or surrendered by Amazon for any purpose (other than pursuant to a chargeback made pursuant to Amazon's security interest in the funds) without the express authorization of this Court or at the direction of Plaintiff with written authorization from the affected Defendant.

10. Exhibit B to the complaint (Doc. 11) and Schedule A to the complaint (Doc. 11), both filed under seal, shall remain sealed until further order by this Court or until the Order expires, whichever occurs earlier.

11. Within seven (7) calendar days of entry of this Order, Plaintiff shall deposit with the Court $6000.00 ($1000.00 per defendant), either cash or surety bond, as security, which amount has, in the absence of adversarial testing, been deemed adequate for the payment of such damages as any person may be entitled to recover as a result of a wrongful restraint hereunder.

12. Any Defendants that are subject to this Order may appear and move to dissolve or modify the Order as permitted by and in compliance with the Federal Rules of Civil Procedure and the Middle District of Florida Local Rules. Any third party impacted by this Order may move for appropriate relief.

13. This Temporary Restraining Order without notice is entered at 1:00 p.m. on this 29th day of March 2024 and shall remain in effect for fourteen (14) calendar days.  Any motion to extend this Order must be filed by April 10, 2024.

14. The Court by separate notice will schedule a status conference prior to the expiration of this Order.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida this 29th day of March, 2024.

**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**