UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
CASE NO: 8:24-cv-00615-TPB-CPT

**YU LUO**,

    Plaintiff,

v.

**THE INDIVIDUALS, PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A"**,

    Defendants

## MOTION TO ENFORCE SETTLEMNT

Defendant LALAGOGO ("Defendant"), by and through its counsel undersigned, requests that this Court enforce the settlement between Plaintiff and Defendant and states as follows:

### FACTS

1. On April 8, 2024, Plaintiff sent the settlement agreement ("Agreement") to Defendant, with Plaintiff's signature on. *See* Exhibit A, Settlement Agreement.

2. On April 12, 2024, Defendant signed back the Agreement to Plaintiff, with some amendment. See *id.*, the redacted part of the Agreement.

3. On April 23, 2024, Plaintiff accepted the redacted version via email and asked for payment of the settlement. *See* Exhibit "B," Email from Robert.

4. Through email correspondence, both parties agreed to extend the deadline for the payment until April 25, 2024. *See* Exhibit "C," "D," "E" and "F" for the email correspondence.

5. On April 24, 2024, the settlement fund was wired to Plaintiff by Defendant with the same day delivery. *See* Exhibit "G," Wiring Proof.

6. Based on the Agreement, after receiving the settlement fund, Plaintiff shall dismiss the Defendant and notify the platform to release the Plaintiff from any temporary restraining order or preliminary injunction.

7. However, until today, around half a month has passed, Plaintiff refuses to honor the Agreement.

### ARGUMENT AND MEMORANDUM OF LAWS

Similar to the situation in *PNC Bank, N.A.*, "Kafka and the Bank, through Davis, reached an enforceable settlement. Davis' and Kafka's email correspondence memorializes their conversations and agreement and establishes that Kafka and the Bank mutually assented to the terms of the settlement. " *PNC Bank, N.A. v. Rolsafe International, LLC (In re Rolsafe International, LLC)*, 477 B.R. 884, 912 (Bankr. M.D. Fla. 2012).

In *Palmer,* the court held that "e-mail communications do not need to be reduced to a formal, written settlement agreement to become binding." *Palmer v. Diamond Resorts Int'l Club, Inc.*, Case No: 6:19-cv-2178-Orl-37DCI, at *10 (M.D. Fla. Feb. 14, 2020), quoting *United States ex rel. Doe v. Health First, Inc.*, Case No. 6:14-cv-501-Orl-37DCI (Doc. 142) and *Khoury v. Tomlinson,* 518 S.W.3d

568, 575-79 (Tex. App. 2017). If the moving party established that an enforceable contract was formed over email by demonstrating that there was: (1) an offer; (2) acceptance; (3) consideration; and (4) sufficient specification of the essential terms, then the contract is enforceable. *Palmer v. Diamond Resorts Int'l Club, Inc.*, Case No: 6:19-cv-2178-Orl-37DCI, at *10 (M.D. Fla. Feb. 14, 2020), citing *Kolodziej*, 774 F.3d at 740.

In the instant case, both Plaintiff and Defendant reached a settlement agreement. After the settlement agreement, both parties amended the payment terms via email communication. Thus, the entire agreement is enforceable.

**WHEREFORE**, the defendant, LALAGOGO, by and through its undersigned counsel, hereby requests that requests that this Court enforce the Settlement Agreement between LALAGOGO and Plaintiff and award attorney fees, court cost if deemed property by this Court.

Dated: May 7, 2024

/s/ Jianyin Liu
Jianyin Liu, Esq.
1007675
jamesliulaw@gmail.com
The Law Offices of James Liu
PLLC 15750 SW 92nd Ave Unit 20C
Palmetto Bay, FL 33157
Ph: (305) 209 6188

**CERTIFICATE OF SERVICE**

Page 3 of 4

      I certify that this document has been served to all parties on record via CM/ECF on this May 7, 2024.

/s/ Jianyin Liu