# EXHIBIT "A"

# SETTLEMENT AGREEMENT

# AND

# GENERAL RELEASE

THIS SETTLEMENT AGREEMENT AND GENERAL RELEASE (hereinafter referred to as "Agreement") is entered into by and among: YU LUO ("YU LUO") and __LALAGOGO__, a Chinese entity doing business online in the United States, listed as Seller ID No. __6__ in Schedule A to the Complaint filed in the United States District Court for the Middle District of Florida with Case No. 8:24-cv-00615 (the "Dispute"), effective as of this __8th__ day of __April__, 2024 (the "Effective Date"). YU LUO and __LALAGOGO__ are sometimes referred to herein individually as a "Party" and collectively as the "Parties";

WHEREAS, YU LUO has alleged that __LALAGOGO__ infringed its intellectual property rights in relation to its original Design Work by way of advertising and/or selling infringing products as detailed in the Dispute;

WHEREAS, __LALAGOGO__ has acknowledged its non-complaint conduct in relation to the Dispute; and

WHEREAS, the Parties have reached an agreement to amicably resolve the Dispute and all other claims between them and desire to formalize the terms of their resolution in this Agreement.

1

NOW, THEREFORE, in consideration of the mutual promises and agreements contained in this Agreement, the Parties covenant and agree to resolve the Dispute fully and completely as follows:

1. **SETTLEMENT TERMS.**

*Amended to: LALAGOGO shall be allowed to continue to sell the products accused herein without restriction as agreed upon mutually.*

A. _____LALAGOGO_____ represents and warrants that as of the Effective Date, _____LALAGOGO_____ and its current and former officers, directors, employees, partners, managers, attorneys, agents, direct and indirect subsidiaries, direct and indirect parent companies, affiliates, representatives, predecessors, successors, assigns, insurers, and any other related entity or persons or entities acting or purporting to act by, though, or on its behalf (collectively, the "_____LALAGOGO_____ Related Parties") ~~have ceased and desisted from copying, displaying, distributing, advertising, promoting, and/or exploiting in any manner YU LUO's design work~~;

B. ~~_____ represents and warrants that by the Effective Date, LALAGOGO and the LALAGOGO Related Parties will have revised their websites, online stores, related mobile applications, and any advertising, promotional, and/or packaging materials to ensure that any images containing YU LUO's Designs have been removed and/or deleted~~;

C. ~~___LALAGOGO___ agrees that ___LALAGOGO___ and the Related Parties will not, at any time after the Effective Date, whether acting alone or with~~

2

~~or through other persons or entities, copy, display, distribute, advertise, promote~~

~~and/or exploit in any manner YU LUO's Design and:~~

D. ~~[redacted]~~ hird

~~pa[redacted]~~

E. For the purposes of avoiding the expense, distraction, and inconvenience of litigation, __LALAGOGO__ shall pay to YU LUO the total sum of USD $ 2,000.00 in full settlement of the Dispute (the "Settlement Amount"). Payment of the Settlement Amount shall be made by wired into DeWitty and Associates' account within 5 days of the Effective Date.[1] The account details are as follows:

        For:         DeWitty and Associates
        Bank:       Wells Fargo
        Address:   444 North Capitol Street, N.W.
        Washington, D.C. 20001
        Routing No.: 121000248
        Banking No.: 3315130876
        SWIFT Code: WFBIUS6S

F. YU LUO agrees that any portion of the Settlement Amount may be made from any funds currently restrained in __LALAGOGO__'s

---

[1] INCLUDE STORE NAME AND STORE ID. NUMBER (IF APPLICABLE) ON PAYMENT NOTATION.

__Amazon__ account. __LALAGOGO__ agrees to contact __Amazon__ and authorize for said portion of funds to be released to YU LUO by way of deposit in DeWitty and Associates' account set out above, and will "copy" DeWitty and Associates on any such relevant correspondence, where possible.

G.   Upon receiving the entirety of the Settlement Amount, YU LUO will voluntarily dismiss __LALAGOGO__ from the Dispute and notify __Amazon__ of that fact, so that __LALAGOGO__ account will become unrestrained.

**2.   MUTUAL GENERAL RELEASES.**

A. Release by YU LUO.

Except as to claims arising out of or related to YU LUO's promises and obligations under this Agreement, YU LUO, on behalf of itself and its current and former officers, directors, employees, partners, managers, attorneys, agents, direct and indirect subsidiaries, direct and indirect parent companies, affiliates, representatives, predecessors, successors, assigns, insurers, and any other related entity or persons or entities acting or purporting to act by, though, or on its behalf (collectively, the "YU LUO Related Parties"), hereby irrevocably and unconditionally releases, acquits, and forever discharges __LALAGOGO__ and

4

the \_\_\_\_LALAGOGO\_\_\_\_\_ Related Parties from any and all actions, charges, complaints, causes of action, suits, claims, obligations, promises, debts, costs, expenses, attorney's fees, damages of every kind, character or description (including, but not limited to, compensatory, punitive, and exemplary damages), demands, or liabilities of any nature whatsoever, whether in law or in equity, whether fixed or contingent, whether presently known or unknown, that YU LUO and/or any of the YU LUO Related Parties ever had, have claimed to have, may now have, or may hereafter have or claim to have against \_\_LALAGOGO\_\_\_\_ and/or \_\_\_LALAGOGO\_\_\_\_ Related Parties by reason of any act, event, occurrence, or thing occurring or existing in relation to the YU LUO product on or before the Effective Date of this Agreement, including, but not limited to, any and all claims arising out of or relating in any way to the allegations asserted in the Dispute and/or the subject matter of the Dispute.

    B. Release by \_\_\_LALAGOGO\_\_\_\_.

    Except as to claims arising out \_\_\_\_LALAGOGO\_\_\_\_'s promises and obligations on behalf of itself, \_\_\_LALAGOGO\_\_\_\_ and the \_\_\_LALAGOGO\_\_\_\_ Related Parties, hereby irrevocably and unconditionally releases, acquits and forever discharges YU LUO and the YU LUO Related Parties from any and all actions, charges, complaints, causes of action, suits, claims, obligations, promises, debts, costs, expenses, attorney's fees, damages of every kind, character or

description (including, but not limited to, compensatory, punitive, and exemplary damages), demands, or liabilities of any nature whatsoever, whether in law or in equity, whether fixed or contingent, whether presently known or unknown, that, __LALAGOGO__ and/or any of the __LALAGOGO__ Related Parties ever had have claimed to have, may not have, or may hereafter have or claim to have against YU LUO and/or the YU LUO Related Parties by reasons of any act, event, occurrence, or thing occurring or existing on or before the Effective Date of this Agreement, including, but not limited to, any and all claims arising out of or relating in any way to the allegations asserted in the Dispute and/or subject matter of the Dispute.

3. **ADEQUACY AND SUFFICIENCY OF CONSIDERATIONS.** The Parties acknowledge the adequacy and sufficiency of the consideration herein.

4. **REPRESENTATIONS OF THE PARTIES.** YU LUO and __LALAGOGO__ each represents and warrants that:

A. The person signing this Agreement on behalf of each Party has the full power and authority to enter into this Agreement on behalf of such Party with regard to all matters described herein upon the terms set forth herein and is authorized to

fully bind such Party to the terms and obligations of this Agreement. The execution of this Agreement does not put any Party hereto in violation of any agreements to which it is a party.

    B.    Each Party has read and understands this Agreement and executes this Agreement voluntarily and of its own free will and volition and with intent to be legally bound by this Agreement;

    C.    this Agreement constitutes a legal, valid, and binding obligation enforceable in accordance with the terms hereof, and, by executing this Agreement, each Party signifies its assent to be bound by the terms of the Agreement; and

    D.    the matters released by such Party in Section 2 above presently belong to such Party and have not previously been conveyed, pledged, transferred, or assigned to any other person, firm, corporation, or entity.

5.    **CHOICE OF LAW.** This Agreement shall be construed and enforced in accordance with the laws of the State of Florida. Any disputes arising from, relating to or touching upon the Agreement and/or the subject matter hereof shall be construed under and governed by the laws of the State of Florida.

6.    **CONSTRUCTION OF AGREEMENT.** Each Party acknowledges that it has had the opportunity to consult with counsel of its choosing regarding the terms of this Agreement and to negotiate modifications to the language of

this Agreement. Accordingly, each Party agrees that in any dispute regarding the interpretation or construction of this Agreement, no presumption will operate in favor of or against the other Party hereto by virtue of its role in drafting or not drafting the terms and conditions set forth herein.

7. **ENTIRE AGREEMENT.** This Agreement constitutes a single, integrated contract expressing the entire understanding between and among the Parties with respect to the subject matter hereof, superseding all negotiations and prior and/or contemporaneous discussions, communications, and contracts of agreement, whether oral or written. This Agreement, or any party hereof, may not be amended, modified, changed, waived, or abrogated except in writing executed by all Parties identified herein. This Agreement shall be binding upon and inure to the benefit of the Parties and their executors, administrators, personal representatives, heirs, successors, assigns, affiliates, subsidiaries, and parent corporations.

8. **SEVERABILITY.** If any portion of this Agreement is void or deemed invalid or unenforceable for any reason, the unenforceable provision and/or portion thereof shall be deemed severed from the remaining portions of this Agreement, which shall otherwise remain in full force and effect.

**9.** **EXECUTION OF AGREEMENT.** This Agreement may be executed in multiple counterparts, each of which shall be deemed an original, but all of which taken together shall constitute one and the same agreement between the Parties, notwithstanding that they are not signatory to the same counterpart.

**IN WITNESS WHEREOF**, the Parties have executed this Agreement effective as of the Effective Date:

FOR YU LUO:

_____
ROBERT M. DEWITTY

DeWitty and Associates 712 H
Street, NE PMB97894
Washington, D.C. 20002
tele: 2025717070
fax: 2025138071
email: admin@dewittyip.com

FOR ____LALAGOGO____:

_____

Jianyin Liu, Esq.
Its Attorney, On Behalf of Lalagogo
with Its Authorization

04/12/2024

9